O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LICHTENBERG,LLC, a California limited liability company; BRIAN LICHTENBERG, an individual,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ALEX & CHLOE, INC., a California corporation; et al.,<br><br>　　　　　Defendants. | Case No. CV 13-06837 DDP (PJWx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No. 68] |

　　　Presently before the court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. Having considered the parties' submissions and heard oral argument, the court denies the motion and adopts the following order.

**I.　Background[1]**

　　　As described more extensively in this court's earlier orders, Plaintiff Brian Lichtenberg ("Brian") designs clothing and

---

[1] The court assumes the truth of the material factual allegations in the Second Amended Complaint solely for purposes of deciding the motions to dismiss.

accessories and distributes his products through Brian Lichtenberg, LLC. (Second Amended Complaint ("SAC") ¶¶ 16-17).[1] Brian's designs include a series of parodies of designer brands, such as "Homiès" as a play on "Hermès" and "Bucci," a parody of "Gucci." (SAC ¶ 18.) Brian's spoof or parody logos mimic the style, font, and other elements of the luxury brand designs. (Id.) Brian sells shirts, sweatshirts, pants, beanies, and hats bearing the various spoof designs. (SAC ¶¶ 16-18.) Brian alleges that his designs are very successful, and are frequently worn by celebrities and featured in the media. (SAC ¶¶ 19-22.)

Brian's younger brother, Defendant Christopher Walter Lichtenberg ("Chris"), is the sole shareholder or principal of Defendant Alex and Chloe, Inc. ("A&C"). (SAC ¶¶ 3-4.)

The SAC alleges that in January 2012, Brian developed one particular parody design, "Ballin," as a play on the luxury brand "Balmain." (SAC ¶ 43.) By November 2012, Chris was working as a "part-time contractor" for Brian. (SAC ¶ 46.) Chris' duties included graphic design and promotional work related to Brian's "Ballin with My Homies" project. (Id.) In connection with those duties, Chris allegedly had access to confidential lists of Brian's customers and industry contacts. (SAC ¶ 47.)

The FAC alleges that Chris copied and claimed ownership of the "Ballin" design, contacted Brian's manufacturer and requested that products identical to Brian's be made under the A&C label, and used

---

[1] Hereinafter, this Order frequently refers to Plaintiffs Brian Lichtenberg and Brian Lichtenberg, LLC, collectively, as "Brian."

2

Brian's confidential customer lists to sell the A&C items. (SAC ¶¶ 51-56.) Chris listed his products for sale on the A&C website in late January or early February 2013, before Brian's "Ballin" products came to market. (Id.)

Chris repeatedly claimed to own the "Ballin" design via the internet and social media. (SAC ¶¶ 66-68.) Chris also contacted several of Brian's buyers, stated that Brian's "Ballin" products were counterfeits, and asked that retailers stop selling Brian's "Ballin" products. (SAC ¶¶ 58-60; 63-65.) Chris then made further public statements claiming that Brian had stolen not only the "Ballin" design, but other parody designs as well. (SAC ¶¶ 67-68.) At Chris's request, social media sites removed images of Brian's "Ballin" apparel posted to Brian's pages. (SAC ¶ 73.)

Chris and A&C then expanded their offerings to include other products similar to Brian's, featuring other parody designs beyond "Ballin." (SAC ¶ 86.) Chris also appropriated photographs of celebrities wearing Brian's products, then claimed on the A&C website and elsewhere that those celebrities endorsed A&C. (SAC ¶¶ 80-82, 84-85.)

Plaintiffs' SAC alleges nine causes of action against Defendants, including trade dress infringement, unfair competition and false designation of origin, and trademark dilution under Section 43 of the Lanham Act, 15 U.S.C. § 1125, as well as state law causes of action including unfair business practices in violation of California Business & Professions Code Section 17200. Defendants now move to dismiss the SAC, but address only the three

3

Lanham Act causes of action and one state law cause of action for unfair business practices.

## II. Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining

4

1  whether a complaint states a plausible claim for relief" is a
2  "context-specific task that requires the reviewing court to draw on
3  its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

**III. Discussion**

   A.  Lanham Act False Designation and Unfair Business Practices

   The Lanham Acts prohibits uses in commerce of:

> any word, term, name, symbol, or device, or any
> combination thereof, or any false designation of origin,
> false or misleading description of fact, or false or
> misleading representation of fact, which . . . is likely
> to cause confusion, or to cause mistake, or to deceive as
> to the affiliation, connection, or association of such
> person with another person, or as to the origin,
> sponsorship, or approval of his or her goods, services,
> or commercial activities by another person

15 U.S.C. § 1125(a)(1).  Defendants argue that the SAC fails to state a claim for false designation of origin because Defendants are labeling each of their products with an A&C tag, and are, therefore, not "passing off" A&C products as Brian's products.

   Defendants' argument has no merit.  By its own terms, the Lanham Act encompasses false endorsements.  See Cairns v. Franling Mint Co., 292 F.3d 1139, 1149 (9th Cir. 2002); see also Brown v. Elec. Arts, Inc., 724 F.3d 1235, 1239 n.1 (9th Cir. 2013).  Plaintiffs respond that their claim is based not on palming off, but "upon Defendant [sic] using celebrities . . . who are in reality wearing Plaintiffs' products to sell Defendants [sic] products."  (Opposition at 10:5-9.)  Defendants reply that the SAC makes no such allegation.  (Reply at 4.)

5

1   Defendants ignore the clear language of the SAC, including
2   allegations that "Defendants . . . stole press and publicity photos
3   from [Brian] regarding Nina Garcia and Justin Bieber, who were
4   wearing [Brian's] products. Defendants . . . copied and pasted the
5   photos to the A&C website, making it appear such celebrities were
6   wearing the [Defendants'] imitation products." (SAC ¶ 80.) The
7   SAC includes other, similar allegations that Defendants
8   misappropriated photographs of celebrities wearing Brian's
9   products, and specifically names over a dozen celebrities. (SAC ¶¶
10  81-82, 84-85.) The SAC adequately alleges claims for false
11  designation of origin and unfair business practices under the
12  Lanham Act.

    B.   Trade Dress Dilution

    As provided in 15 U.S.C. § 25(c):

> Subject to the principles of equity, the owner of a
> famous mark that is distinctive, inherently or through
> acquired distinctiveness, shall be entitled to an
> injunction against another person who, at any time after
> the owner's mark has become famous, commences use of a
> mark or trade name in commerce that is likely to cause
> dilution by blurring or dilution by tarnishment of the
> famous mark, regardless of the presence or absence of
> actual or likely confusion, of competition, or of actual
> economic injury.[1]

15 U.S.C. § 25(c)(1). Defendants devote three lines of text to
their argument that this claim must fail because (1) the SAC does
not allege that Brian's parody trade dress is famous and (2)
Defendants began using the trade dress before it became famous.
(Mot. at 8:5-7.)

---

[1] Other remedies beyond injunctive relief may also be available. 15 U.S.C. § 1125(c)(5)

6

Defendants again ignore the clear language of the SAC. The SAC repeatedly alleges that the trade dress is widely recognized by consumers and in the fashion industry. (SAC ¶¶ 19-22, 24.) Furthermore, the SAC alleges that an entire category of "BLTEE products" uses the trade dress at issue, and has done so for over five years. (SAC ¶¶ 18, 21.) The SAC alleges that the BLTEE products, which feature the trade dress, have "been in existence" for over five years, and that "[o]ver the years, millions of consumers have been exposed to the BLTEE [p]roducts through extensive advertising . . ., appearance of the BLTEE Products on television shows, in motion pictures, and on the Internet . . . ." (SAC ¶¶ 18, 21). While Defendants seek to characterize this dispute as involving only the single "Ballin" design, the SAC's trade dress dilution claim is broader in both descriptive and temporal scope.[1] Defendants' arguments, therefore, fail.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: April 15, 2014

DEAN D. PREGERSON
United States District Judge

---

[1] The court reiterates that on a motion to dismiss, the alleged facts are accepted as true and construed in favor of the plaintiff. Resnick, 213 F.3d at 447. Nothing in this Order shall be read as a commentary on Plaintiffs' likelihood of success on the merits of their claims.